UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SCOTT KRUEGER                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14CV-664-CRS

HOME DEPOT USA, INC., et al.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Home Depot USA, Inc. ("Home

Depot") and Haydn Chilcott, to dismiss the amended complaint for failure to state a claim upon

which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim

for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955.  The plausibility
> standard is not akin to a "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads
> facts that are "merely consistent with" a defendant's liability, it "stops short of the
> line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127
> S.Ct. 1955 (bracket omitted).

The plaintiff, Scott Krueger, asserted claims of retaliation, promissory estoppel, and hostile

work environment in his initial complaint against his former employer, Home Depot, and its

Regional Vice President, Chilcott.  The defendants moved to dismiss the complaint and Krueger

moved for leave to amend the complaint.  The court permitted the amendment.  Krueger added a claim for perceived disability discrimination, but the remainder of the complaint, both the facts and claims, were restated in their entirety in the amended document.  The defendants again moved to dismiss.  That motion is presently before the court.

The Amended Complaint alleges the following pertinent facts:

Krueger was employed by Home Depot as a store manager at its Westport Road, Louisville, store from May 2006 until April 2014. Amended Complaint ("AC"), DN 14, ¶ 6.  In November 2013, Krueger reported to the Regional Human Resources Manager that his District Manager, Tim Choate, was being abusive toward him and other Home Depot employees. AC, ¶ 12.  In December, 2013, Choate was terminated by Regional Vice President Haydn Chilcott for bullying behavior toward employees. AC, ¶ 15.  Chilcott and Choate were close friends, and Chilcott resented having to terminate Choate from his position.  AC, ¶ 16.

After Choate's termination, Chilcott began micro-managing Krueger in his job performance. AC, ¶17.  On April 4, 2014, District Manager Jeremy Millay informed Krueger that Krueger's employment with Home Depot would be terminated within the next three weeks.  AC, ¶ 18.  On April 8, 2014, Krueger reported to Home Depot President Marvin Ellison that the Westport Road store was being required to complete several projects initiated by Millay, in Chilcott's region, that were not allowed under Ellison's Project Simplification initiative.  AC, ¶ 19.  On April 15, 2014, Krueger was contacted by Erin Porter Izen from the Confidential Business Solutions Line who enquired whether Krueger was comfortable with his concerns being discussed with Chilcott. Krueger responded that he believed he would be terminated by Chilcott for making the report.  AC, ¶ 20.

On April 21, 2014, Krueger contacted Millay and asked when he would be terminated. Millay responded that he was not in that day, but that they could talk on Monday. Krueger stated "This is bullshit," to which Millay responded that plaintiff was making it easy to terminate Krueger. The outburst was reported by Millay to Home Depot as a threat of violence. AC, ¶ 21.

On April 21, 2014, Kevin Kastle, Regional Associate Relations Manager, placed Krueger on administrative leave, and Krueger was required to undergo a psychological evaluation prior to returning to work. AC, ¶¶ 22, 23. Kastle noted that Krueger was very upset, told Krueger that he would have an opportunity to address his concerns and could make a statement regarding his leave when he returned to work, and stated that if Krueger did not follow the rules regarding his leave, he would be terminated immediately. AC, ¶¶ 22, 23. Kastle stated that he would provide Krueger the rest of the rules regarding his leave at a future date, but Kastle never did so. AC, ¶¶ 23, 29.

On April 23, 2014, Krueger completed the required counseling session, and was found to be sane and not a threat to anyone. AC, ¶ 27. Krueger emailed Kastle inquiring when he could return to work, but did not receive a response. Beginning on April 21, 2014, and continuing multiple times per day every day thereafter, Krueger requested, verbally or in writing, a copy of the rules regarding his leave. He contacted Kastle, Ellison, Divisional Associate Relations Director Camille May, and District Human Resources Manager Kelly Gibson. He did not receive them. AC, ¶¶ 24, 29.

On April 28, 2014, May questioned Krueger concerning the April 4, 2014 conversation with Millay when he was informed he would be terminated. Later on April 28th, Krueger was informed by Millay and Gibson that he was terminated for violating the company's respect policy. AC, ¶¶ 28, 29. Thereafter, other Home Depot employees were instructed not to associate with Krueger. AC, ¶ 31.

Krueger requested an exit interview to express his concerns, but was not afforded one.  ¶ 30. On May 2, 2014, Krueger received a Notice of Trespass from Mike Dalton, Assistant General Counsel for Home Depot, instructing Krueger to cease and desist contact with all Home Depot stores and associates.  AC, ¶ 32.

I.

Krueger claims in Count I that he was subjected to perceived disability discrimination, alleging:

> 34.  Plaintiff faced abusive behavior toward him because Defendants Home Depot, Chilcott, and Millay perceived him as being insane;
>
> 35.  Plaintiff was forced to take a medical leave of absence because Defendants believed he was of unsound mind;
>
> 36.  While on medical leave, Defendants' told others that Plaintiff was on medical leave;
>
> 37.  Plaintiff was terminated, in part, because he reported bullying and because they believed him to be insane;
>
> 38.  Plaintiff was questioned by Defendants' as if he was a person who was not mentally stable and forced off of work because of that and because he reported abuse.

AC, Count I,  ¶¶ 34-38.

To survive a Fed.R.Civ.P. 12(b)(6) motion, a plaintiff must allege sufficient facts to present a plausible claim under the ADA's definition of "disability."  *Thomas v. Dana Commercial Vehicle Products, LLC*, No. 4:13CV-00041-JHM, 2014 WL 1329948, *4 (W.D.Ky. April 1, 2014).  Krueger notes that a "mental impairment means...[a]ny mental or psychological disorder, such as an intellectual disability...organic brain syndrome, emotional or mental illness, and specific learning

- 4 -

disabilities." DN 23, p. 6, citing 29 C.F.R. § 1630.2. As noted in *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010), when resolving a motion to dismiss, "assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings."

The court has recited at length *verbatim* from the Amended Complaint to illustrate the inconsistency in and insufficiency of the claims. The facts alleged by Krueger do not support the sweeping inferences and attendant legal implications which his brief promotes. He alleges that he was perceived as being "insane," forced to take a medical leave because he was believed to be of "unsound mind," he was terminated, in part, because he was believed to be "insane," and he was questioned and forced off work as if he was "unstable."

The facts which Krueger suggests give rise to the inference that he was perceived as "insane" include the allegation that his outburst toward Millay that "This is bullshit" was reported as a threat of violence and that he was then placed on administrative leave and required to have a psychological evaluation prior to returning to work. Krueger alleged that, when placing him on administrative leave, Kastle noted that Krueger was "very upset," and indicated that he would have the opportunity to address those matters of concern at a future date. Krueger clearly was upset about the way he was being treated, first by Choate, then by Chilcott, then by Millay. As stated in Krueger's own factual allegations, he responded to Millay that "This is bullshit," and was later questioned about and terminated for violation of the company's respect policy.

In Count I, Krueger alleges that he was placed on medical leave and that others were told that he had taken medical leave. The factual allegations (¶ 22) state that Kastle placed Krueger on administrative leave. Krueger alleges that another Home Depot employee, Kevin Zanewic, said that

Krueger was on a medical leave. (¶ 25).  Yet Count I contains the contradictory allegation that Krueger was "forced to take a medical leave of absence" because "Defendants believed he was of unsound mind."  (¶ 35).  He also alleges that he "faced abusive behavior toward him" because the defendants "perceived him as being insane." (¶ 34).  There are no factual allegations concerning "abusive behavior" nor any reference whatsoever to insanity.  Krueger's own recitation of the facts indicates that he was indeed perceived as being very angry, and that he did make a statement, "This is bullshit," which communicated that anger to Millay.  He alleges that he was placed on administrative leave for that outburst.  Even an allegation that he was placed on "medical leave" is insufficient, alone, to allege a perceived disability.  *Thomas, supra.*, at 4 (Plaintiff failed to identify a specific medical condition for which he was regarded as disabled.  Allegations that plaintiff took medical leave on three occasions did not indicate that such leaves were based on a condition that was a disability *as defined by ADA*).  Krueger has not alleged a mental impairment.  "[E]motional volatility or imbalance is not a disability – not a 'substantially limiting' mental impairment under the ADA."  *Mickens v. Polk County School Board*, 430 F. Supp.2d 1265, 1275 (M.D.Fla. 2006).  Count I of the Amended Complaint must be dismissed.

Further, a request that an angry employee have a psychological evaluation does not run afoul of the ADA:

> An employer's request for a mental evaluation is not inappropriate if it is not obvious that an employee suffers from a disability.  A request for an evaluation is not equivalent to treatment of the employee as though she were substantially impaired.  Employers need to be able to use reasonable means to ascertain the cause of troubling behavior without exposing themselves to ADA claims under §§ 12112(a) and 12102(2)(C).

*Sullivan v. River Valley School Dist.*, 197 F.3d 804, 811 (6th Cir. 1999), *quoting, Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir. 1998).

II.

Krueger claims that Home Depot retaliated against him for engaging in protected activity under KRS 344.040.  Count II alleges:

42.  That Plaintiff was qualified to hold the store manager's position;

43.  That in November of 2013, it was reported by Ms. Gosette that no problems had ever been reported to her and that he was highly respected and trusted within Home Depot;

44.  That Mr. Chilcott and Mr. Millay, while acting in the scope of their employment with Defendant, Home Depot, conspired to constructively discharge Plaintiff for, among other things, bringing a complaint against his former superior for making abusive remarks towards him and others;

45.  That Mr. Chilcott retaliated against the Plaintiff, Mr. Krueger, due to Mr. Chilcott's friendship with Mr. Choate and his resentment in having to terminate Mr. Choate as a result of Mr. Krueger's complaint;

46.  That Plaintiff was told that he was being terminated for making a "threat of violence" towards Mr. Millay, when in fact, Plaintiff did not make a threat of any kind;

47.  That Plaintiff having shown that the Defendant, through its Agents, retaliated against him for exercising his rights under KRS 344, has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the plaintiff during his employment with Defendant, Home Depot.

AC, Count II, ¶¶ 42-47.

Krueger must allege that he engaged in some form of protected activity in order to state a viable claim for retaliation. *Potts v. Maverick C & P*, No. 3:12-CV-145, 2012 WL 5497957, *3 (W.D.Ky. Nov. 13, 2012). He alleges in the Amended Complaint that the defendants retaliated against him for his reporting in November 2013 to Home Depot concerning bullying behavior by his superior. Krueger alleges that Chilcott began to micro-manage his performance and conspired to discharge him from employment after Chilcott was forced to discharge his friend, Choate, because of Krueger's report. There is no protected activity alleged here. *See, ie., Smith v. Nor-Com, Inc.* No. 2:12-105-DCR, 2013 WL 211041, *5 (E.D.Ky. Jan. 17, 2013(opposing profanity and lying is not protected activity under the KCRA).

Krueger spends a good portion of his brief in opposition to the motion to dismiss attempting to paint a picture of a wide-ranging conspiracy to create the impression that Krueger was "insane," and to discharge him from his employment and to ruin his reputation based upon that false perception. Even if this theory was sufficiently alleged (much of what Krueger urges in his brief is either not actually alleged nor reasonably inferred from the allegations in the Amended Complaint), it does not state a claim for retaliation under the Kentucky Civil Rights Act ("KCRA"), as Krueger has not identified any protected activity that he was purportedly engaged in and for which he became a target of retaliation.

III.

Krueger claims in Count III:

49.  That Home Depot made promises to Plaintiff that his complaints regarding his former superior would be kept confidential and they he [sic] would face no sort of retaliatory consequences for making those reports;

50  That Plaintiff relied on those promises to his detriment when making the report and was ultimately constructively discharged from his position with Home Depot;

51.  That Defendant, Home Depot, knew or should have known that Plaintiff would rely on those promises when they breached them;

52.  That as a direct and proximate result of Plaintiff's reliance on Defendant, Home Depot's promises [sic], he has suffered, and will continue to suffer emotional distress, embarrassment, humiliation, mental anguish, and a loss of wages and other benefits.

AC, Count III, ¶¶ 49-52.

There are no other facts alleged in the Amended Complaint which amplify this claim or the facts underlying it.

Under Kentucky law, an at-will employment relationship is presumed unless the parties agree otherwise.  *McDonald v. Webasto Roof Systems, Inc.*, 570 Fed.Appx. 474, 477 (6th Cir. 2014). There is no allegation that Krueger was other than an at-will employee with Home Depot.  His at-will employment status precludes a promissory estoppel claim, since, "as an at will employee, he had no employment security to begin with."  *McDonald*, 570 Fed.Appx. at 477, *quoting Jackson v. JB Hunt Transp., Inc.*, 384 S.W.3d 177, 185 (Ky.App. 2012).

IV.

Krueger contends that he was subjected to a hostile work environment, alleging in Count IV that:

> 54.  Plaintiff was subject to unwelcome harassment because of the complaint he filed with Defendant against his former superior, Mr. Choate;

> 55.  The harassment had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, or offensive work environment;

> 56.  Employer liability exists against Defendants Home Depot, Chilcott, and Millay;

> 57.  Defendant's conduct violated KRS 344 and strong public policy of the Commonwealth of Kentucky;

> 58.  As a direct and proximate cause of Defendant's actions described herein, Plaintiff has suffered, and will continue to suffer, from loss of income and benefits, emotional stress and mental anxiety, for all of which he should be compensated.

AC, Count IV, ¶¶ 54-58.

The analysis of the Amended Complaint with respect to the retaliation claim applies equally to Krueger's hostile work environment claim under the KCRA.  Krueger's brief does not address the sufficiency of his hostile work environment claim beyond urging that the defendants have impermissibly conflated the arguments concerning retaliation and hostile work environment in their motion to dismiss.

The Amended Complaint fails to allege that Krueger engaged in some form of protected activity by contesting a practice that is unlawful under the KCRA for which he was purportedly

subjected to hostility on the job.  Krueger alleges in his recitation of facts that he filed a complaint with Home Depot concerning bullying behavior by Choate and that thereafter, his work was "micro-managed" by Chilcott.  He alleges that he was told by Millay that he would be terminated, and that after becoming upset and stating "This is bullshit," he was placed on leave, his inquiries concerning the leave period and his return to work were ignored, he was questioned about his conversation with Millay, and then was terminated without being afforded an opportunity to be heard either before or after his termination.  His complaint against Chilcott for bullying behavior is not is not protected activity under the KCRA.  He recites no other conduct for which he was allegedly subjected to hostility on the job.  The hostile work environment claim is therefore deficient.

For the reasons set forth herein above, the motion of the defendants to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), will be granted.  A separate order and judgment will be entered this date in accordance with  this opinion.

August 10, 2015

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**

- 11 -