UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SCOTT KRUEGER                                                                                      PLAINTIFF

v.                                                                                           3:14-CV-664-CRS

HOME DEPOT USA, INC., et al.                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the plaintiff, Scott Krueger, to vacate the court's Memorandum Opinion (DN 29) and Order and Judgment (DN 30) which dismissed his amended complaint for failure to state a claim upon which relief can be granted.

Krueger contends that the court improperly imposed the *McDonell Douglas*[1] burden shifting framework, and improperly dismissed his complaint on the ground that he failed to plead a *prima facie* case with respect to his claims for disability discrimination, retaliation, and hostile work environment. As the *McDonnell Douglas* framework is inapplicable at the dismissal stage of a case, Krueger reasons that his amended complaint must be accepted as sufficient to overcome defendant Home Depot USA, Inc.'s motion to dismiss.

Contrary to Krueger's contention, his amended complaint must meet the *Iqbal/Twombly* standard for plausibility in order to overcome Home Depot's motion. Krueger's amended complaint does not. Krueger need not plead facts establishing a *prima facie* case, *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002). However, he must "plead factual content that allows the

---

[1] *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1811, 36 L.Ed.2d 668 (1973).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009), *citing, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In order for the court to assess whether a reasonable inference of liability for disability discrimination may be drawn from the facts alleged, there must be "some threshold consideration of whether a person's medical condition, as alleged, plausibly states a "disability." *Thomas v. Dana Commercial Vehicle Products, LLC*, No. 4:13CV-00041-JHM, 2014 WL 1329948, *4 (W.D.Ky. April 1, 2014). In this court's earlier opinion, the court quoted verbatim from the amended complaint and concluded that Krueger's factual allegations did not allege facts to plausibly state a claim for disability discrimination, retaliation, or hostile work environment. We need not repeat that analysis here. Suffice it to say that the court sought nothing more from the amended complaint than to find sufficient facts to state a plausible claim of entitlement to relief, but to no avail.

As the court did not require Krueger to articulate a *prima facie* case, but rather meet only the well-established dismissal standard, Krueger's objection to the court's analysis is unfounded. The motion to vacate will be denied.

In reviewing the court's earlier decision, we discerned that we incorrectly denominated the motion to dismiss as having been made by both Home Depot and defendant Haydn Chilcott. Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) should have been granted only as to Home Depot.

Chilcott was named in the original and amended complaint, but there is no documentation in the record that summons ever issued for him. Defendant Jeremy Millay was named only in the amended complaint which was filed November 3, 2014, over 12 months ago. Summons issued for Millay on November 3, 2014, but there is no indication that he has been served. Home

Depot noted the lack of service in its brief filed December of 2014 (DN 21). To date, there is no evidence in the record evidencing service upon these defendants. Therefore, the action will be dismissed as to them without prejudice in accordance with Fed.R.Civ.P. 4(m).

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

January 21, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**